UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 2, 2013

LETTER TO COUNSEL:

      RE:    *Margaret Christine Skinner v. Commissioner, Social Security Administration*;
                Civil No. SAG-11-3138

Dear Counsel:

      On November 3, 2011, the Plaintiff, Margaret Christine Skinner, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Skinner's reply. (ECF Nos. 18, 23, 24). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Skinner filed her claim for benefits on February 11, 2009. (Tr. 126-32). Her claim was denied initially on March 19, 2009, and on reconsideration on August 11, 2009. (Tr. 54-57, 61-62). A hearing was held on May 19, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 28-49). Following the hearing, on August 27, 2010, the ALJ determined that Ms. Skinner was not disabled during the relevant time frame. (Tr. 14-27). The Appeals Council denied Ms. Skinner's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Skinner suffered from the severe impairments of degenerative disc disease, asthma, and a history of substance abuse. (Tr. 19). Despite these impairments, the ALJ determined that Ms. Skinner retained the residual functional capacity ("RFC") to:

> [P]erform simple, routine in nature, light work as defined in 20 CFR 416.967(b) except with only occasional to frequent use of the upper extremities and a sit/stand option.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Skinner could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 26-27).

Ms. Skinner presents three primary arguments on appeal: (1) that the ALJ failed to analyze Listing 1.04 (spine disorders); (2) that the ALJ failed to support his RFC with substantial evidence; and (3) that the ALJ erred in making an adverse credibility finding. Each argument lacks merit.

Ms. Skinner's first argument is that the ALJ erred at step three by failing to consider appropriately Listing 1.04 (spine disorders). Pl. Mot. 16-21. Ms. Skinner contends that the ALJ's step three analysis was deficient because the ALJ did not specifically identify or explain his analysis of any Listing. Ms. Skinner further contends that the medical evidence warranted consideration of Listing 1.04. Despite the general nature of the ALJ's language describing his evaluation of the Listings, I find that the ALJ provided substantial evidence to support his step three finding as to Listing 1.04. The ALJ first noted that Ms. Skinner's representative did not contend that any Listing had been met or equaled. (Tr. 20). Second, the ALJ noted that no treating or examining physician had mentioned any findings equivalent in severity to any Listing. *Id.* Finally, the ALJ noted that a review of the medical evidence of record did not suggest that such a finding would be appropriate. *Id.* Moreover, the ALJ thoroughly examined the objective medical evidence pertaining to Ms. Skinner's degenerative disc disease in his RFC assessment. (Tr. 22). I cannot find that the ALJ erred, particularly given the fact that two separate reviewing state agency physicians opined that Ms. Skinner's impairments did not meet the requirements of Listing 1.04, after reviewing the same medical evidence cited by Ms. Skinner. (Tr. 277-84, 290-97).

Ms. Skinner next contends that the ALJ failed to provide substantial evidence to support his conclusion that she could perform light work. In making that contention, Ms. Skinner essentially relies upon her own testimony and the opinion of her treating physician, Dr. Hsu. As addressed below, the ALJ made an adverse credibility finding that was supported by substantial evidence. As a result, the ALJ justifiably discounted Ms. Skinner's own statements. Dr. Hsu's opinions were also assigned little weight. Although the opinions of treating physicians can be entitled to controlling weight, such opinions are not entitled to controlling weight if they are inconsistent with the other substantial evidence of record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ specifically addressed, at some length, Dr. Hsu's treatment notes and opinions. (Tr. 19, 23-25). He found that Dr. Hsu's earlier opinions, from 2006-2008, were unsupported by other evidence of record because no such evidence pertaining to that time period was included. (Tr. 25). With respect to Dr. Hsu's opinions in 2009, the ALJ found that they were "conclusory, overly sympathetic and primarily based on the claimant's subjective complaints and out of proportion to the reported medical findings." *Id.* For example, the ALJ noted that Dr. Hsu's own notes indicated that Ms. Skinner walked with a normal gait and had not increased her prescription pain medications. (Tr. 22). Moreover, the ALJ noted that a consultative examiner had found no spinal cord compression, had ordered an MRI which appeared within normal limits, and had recommended conservative treatment. *Id.* The ALJ therefore had substantial evidence on which to base his assignment of little weight to Dr. Hsu's opinions regarding Ms. Skinner's physical limitations.

Ms. Skinner also objects to the assignment of "great weight" to the opinions expressed by non-examining state agency physicians. The law recognizes that state agency medical sources are "highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ therefore appropriately relied on their opinions, in combination with other evidence, in reaching his conclusions regarding Ms. Skinner's impairments. Ms. Skinner suggests that their opinions were flawed, in part, because they were rendered prior to two MRIs conducted in 2010. As the ALJ found, however, the 2010 MRIs were taken after a fall, and no subsequent treatment records suggested any additional treatment or therapy indicating ongoing impairment. (Tr. 22). The 2010 MRIs do not therefore discredit the opinions of the state agency physicians.

Finally, Ms. Skinner protests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater,* 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. The ALJ's opinion cites "the medical record as a whole, the lack of current treatment or therapy, and the claimant's lack of prescription pain medication increase despite the claimant's reports of constant pain" as evidence undermining Ms. Skinner's reports of disabling symptoms. (Tr. 23). In addition, the ALJ noted Ms. Skinner's "relatively infrequent trips to the doctor for the allegedly disabling symptoms." *Id.* The ALJ's citation to substantial evidence renders remand unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 23) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                   Sincerely yours,

                                                   /s/

                                               Stephanie A. Gallagher
                                             United States Magistrate Judge